HONORABLE MARY K. DIMKE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
SPOKANE DIVISION

| | |
|---|---|
| TARRY JACKLICK, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>WALMART, INC., a Delaware corporation,<br><br><br>               Defendant. | Case No.: 2:25-cv-00436-MKD<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES** |

Plaintiff Tarry Jacklick ("Plaintiff"), by their undersigned counsel, for their amended class action complaint against Defendant Walmart, Inc. ("Defendant"), alleges as follows:

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave, Suite 101
Pasadena, California 91103
TEL (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

# I. INTRODUCTION

1.1     <u>Nature of Action.</u> Defendant has engaged in wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; and (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees; and (6) making unlawful deductions and rebates from employees' wages. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2     Plaintiff and the Class members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

# II. JURISDICTION AND VENUE

2.1     <u>Personal Jurisdiction.</u> Defendant is within the jurisdiction of this Court. Defendant does business in the State of Washington and has operations in Spokane County. Defendant is registered to conduct business in the State of Washington. Defendant has obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets.

2.2     <u>Subject Matter Jurisdiction.</u> Defendant removed Plaintiff's Spokane County Superior Court Matter on the basis of Class Action Fairness Act. 28 U.S.C. §§ 1332, 1441, 1446, and 1543. Plaintiff has chosen not to file a remand based on

FIRST AMENDED CLASS ACTION
COMPLAINT FOR UNPAID WAGES – 2
CASE NO.: 2:25-CV-00436-MKD

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

the allegations in Defendant's removal ECF No. 1. Plaintiff cannot personally confirm the alleged facts in the removal. Plaintiff has represented that he has no intention of challenging subject matter jurisdiction.

2.3    <u>Venue.</u> Venue is proper in the Eastern Districe and more specifically the Spokane Division because Defendant operates and transacts business in Spokane County.

2.4    <u>Governing Law</u>.  The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

### III. PARTIES

3.1    <u>Plaintiff.</u> Plaintiff is a resident of Washington. Defendant hired Plaintiff as an hourly-paid or non-exempt employee during the relevant time period.

3.2    <u>Defendant.</u> Defendant is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Defendant operates nationally, including approximately 64 locations in Washington, and at least 5 locations in Spokane County.

### IV. CLASS ACTION ALLEGATIONS

4.1    <u>Class Definition.</u> Pursuant to Federal Rules of Civil Procedure Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from August 11, 2022,  to final disposition of this action.

Excluded from the Class are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2     Numerosity. Plaintiff believes that more than 40 people have worked as hourly-paid or non-exempt employees for Defendant in the State of Washington during the relevant time period. Defendant has asserted that there are more than 1,000 people who meet the class definition.

4.3     Commonality. There are numerous questions of law and fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:

a.     Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a ten-minute rest break for every four hours of work;

b.     Whether Defendant has engaged in a common course of requiring Plaintiff and the Class members to work more than three consecutive hours without a rest break;

c.     Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the rest breaks to which they are entitled;

d.     Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work;

e.     Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the meal breaks to which they are entitled;

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave, Suite 101
Pasadena, California 91103
TEL (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

f.  Whether Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked;

g.  Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all of the overtime wages to which they are entitled;

h.  Whether Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

i.  Whether Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members by requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them.

j.  Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all the wages to which they are entitled;

k.  Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the Class members;

l.  Whether Defendant failed to furnish itemized pay statements to Plaintiff and the Class members;

m.  Whether Defendant willfully deprived Plaintiff and the Class members of the wages to which they were entitled;

n.  Whether Defendant has violated RCW 49.12.020;

o.  Whether Defendant has violated WAC 296-126-092;

p.  Whether Defendant has violated RCW 49.46.130;

FIRST AMENDED CLASS ACTION
COMPLAINT FOR UNPAID WAGES – 5
CASE NO.: 2:25-CV-00436-MKD

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

1    q.    Whether Defendant has violated RCW 49.46.090;

2    r.    Whether Defendant has violated RCW 49.46.210;

3    s.    Whether Defendant has violated RCW 49.48.010;

4    t.    Whether Defendant has violated WAC 296-126-025;

5    u.    Whether Defendant has violated WAC 296-126-028;

6    v.    Whether Defendant has violated WAC 296-128-620;

7    w.    Whether Defendant has violated RCW 49.52.050; and

8    x.    The nature and extent of class-wide injury and the measure of

9  compensation for such injury.

10    4.4    <u>Typicality.</u> Plaintiff's claims are typical of the claims of the members

11  of the Class because Defendant employed Plaintiff as an hourly-paid or non-exempt

12  employee in the State of Washington. The claims of Plaintiff, like the claims of the

13  Class, arise out of the same common course of conduct by Defendant and are based

14  on the same legal and remedial theories.

15    4.5    <u>Adequacy.</u> Plaintiff will fairly and adequately protect the interests of

16  the Class. Plaintiff has retained competent and capable attorneys who are

17  experienced lawyers with significant experience in complex and class action

18  litigation, including employment law. Plaintiff and their counsel are committed to

19  prosecuting this action vigorously on behalf of the Class and have the financial

20  resources to do so. Neither Plaintiff nor their counsel have interests that are contrary

21  to or that conflict with those of the proposed Class.

22    4.6    <u>Predominance.</u> Defendant has engaged in a common course of wage

23  and hour abuse toward Plaintiff and members of the Class. The common issues

arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

4.7    <u>Superiority.</u> Plaintiff and the Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

## V. SUMMARY OF INDIVIDUAL FACTUAL ALLEGATIONS

5.1    Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

5.2    Defendant employed Plaintiff as a nighttime stocker from August 22, 2024, to September 17, 2024, at its East Broadway Ave location in Spokane Valley.Plaintiff's base wage was $18.50 per hour, including a shift differential.

5.3    During his employment, Plaintiff worked night shifts starting at 10:00pm and working until 7:00am, with a one-hour meal break.

5.4    Plaintiff would clock in and out using the WorkDay app using his personal cell phone.

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave, Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

5.5    <u>Failure to provide rest breaks.</u> Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work.

5.6    Plaintiff was constantly interrupted during his rest breaks by supervisors and other employees asking about work-related matters, including supervisors asking how much time he had left on his rest breaks. When Plaintiff realized he would always be interrupted, he started going to his car for his rest breaks.

5.7    Plaintiff was instructed by his supervisors to take rest breaks when it was convenient based on the work that needed to be done, and this occasionally meant that Plaintiff had to take breaks after three or more consecutive hours of work.

5.8    Plaintiff did not always receive rest breaks when work was particularly busy; for example, if there was a task that had a short turn-around time. Plaintiff received no additional pay for missed, interrupted, or late rest breaks.

5.9    As a result of Defendant's common course of failing to provide proper rest breaks to Plaintiff Defendant failed to maintain accurate records of hours worked by Plaintiff and the Class members and failed to properly pay Plaintiff.

5.10    Defendant had actual or constructive knowledge of the facts set forth above.

5.11    <u>Failure to provide meal breaks.</u> Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work.

5.12    Plaintiff would generally take a one-hour meal breaks.

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

5.13    As with Plaintiff's rest breaks, his meal breaks were interrupted by supervisory staff and other employees when he stayed on site.

5.14    Defendant had actual or constructive knowledge of the facts set forth above.

5.15    <u>Failure to pay minimum wages for all hours worked.</u> Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked.

5.16    Plaintiff was required to perform work while off the clock, including rounding up carts and picking up boxes when coming in and out of the store.

5.17    Plaintiff was instructed by his supervisor to perform these tasks while off the clock, including other cleaning and organizing.

5.18    Defendant had actual or constructive knowledge of the facts set forth above.

5.19    <u>Failure to pay all overtime wages due.</u> Defendant has engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

5.20

5.21    Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

5.22    Plaintiff was deprived of overtime wages when he was forced to work off the clock during workweeks in which he worked more than forty hours per week.

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

5.23    Defendant had actual or constructive knowledge of the facts set forth above.

5.24    <u>Unlawful Deductions and Rebates</u>. Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members.

5.25    Plaintiff was required to use his personal cell phone to clock in and out using the app WorkDay. Plaintiff was not reimbursed for the use of his personel cell phone.

5.26    Plaintiff was required to wear steel-toed shoes, and had to buy the same, and was not reimbursed for the cost of the shoes.

5.27    Defendant had actual or constructive knowledge of the facts set forth above.

5.28    <u>Failure to accrue and allow use of paid sick leave</u>. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

5.29    For every occasion that Plaintiff had to perform work off the clock, his time was not recorded by Defendant.

5.30    Because the time worked was not recorded, Defendant's time records were inaccurate, and Defendant did not calculate the accrual of sick time to account for the time worked.

5.31    Defendant had actual or constructive knowledge of the facts set forth above.

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave, Suite 101
Pasadena, California 91103
TEL (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

5.32    <u>Failure to pay all wages due at termination.</u> Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination.

5.33    Defendant had actual or constructive knowledge of the facts set forth above.

5.34    <u>Failure to maintain accurate payroll records.</u> Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

5.35    <u>Each and every time that Plaintiff had to perform work off the clock, the time recorded was not correct.</u>

5.36    Each and every time that Plaintiff took a non-conforming meal or rest break, it was not reflected appropriately in the records, nor were any premiums paid.

5.37    Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week.

5.38    Defendant had actual or constructive knowledge of the facts set forth above.

## VI. CLASS FACTUAL ALLEGATIONS

5.1    Defendant maintains policies that are company-wide relating to timekeeping, pay, and break-taking. These policies are disseminated at orientation, at a minimum.

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

5.2    Employees are required to acknowledge receipt of policies and training, including Plaintiff.

5.3    In addition to experiencing violations related to his own claims which Plaintiff experienced, Plaintiff also saw the same issues happening to coworkers.

5.4    <u>Failure to provide rest breaks.</u> Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work.

5.5    Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than three consecutive hours without a rest break.

5.6    Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have taken the rest breaks to which they are entitled.

5.7    Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with ten-minutes additional pay and/or time worked for each missed rest break.

5.8    Plaintiff witnessed other employees having the same or similar issues as he had.

5.9    Each time an hourly-paid or non-exempt employee misses a rest break, Defendant receive the benefit of ten minutes worked without paying for the time worked.

5.10    As a result of Defendant's common course of failing to provide proper rest breaks to Plaintiff and the Class members, Defendant failed to maintain accurate records of hours worked by Plaintiff and the Class members.

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave, Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

5.11    Defendant had actual or constructive knowledge of the facts set forth above.

5.12    <u>Failure to provide meal breaks.</u> Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work.

5.13    Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than five consecutive hours without a meal break.

5.14    Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have received the meal breaks to which they are entitled.

5.15    Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members are fully relieved of all work duties during their meal breaks.

5.16    Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

5.17    Defendant had actual or constructive knowledge of the facts set forth above.

5.18    <u>Failure to pay minimum wages for all hours worked.</u> Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked.

5.19    Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

Plaintiff and the Class members with ten minutes additional pay and/or time worked for each missed rest break.

5.20    Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

5.21    Defendant had actual or constructive knowledge of the facts set forth above.

5.22    <u>Failure to pay all overtime wages due</u>. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

5.23    Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

5.24    Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

5.25    Defendant had actual or constructive knowledge of the facts set forth above.

5.26    <u>Unlawful Deductions and Rebates</u>. Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members.

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

5.27    Defendant has engaged in a common course of requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them.

5.28    Defendant had actual or constructive knowledge of the facts set forth above.

5.29    <u>Failure to accrue and allow use of paid sick leave</u>. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

5.30    Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for all hours worked by Plaintiff and the Class members.

5.31    Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed rest break.

5.32    Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed meal break.

5.33    Defendant had actual or constructive knowledge of the facts set forth above.

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

5.34    <u>Failure to pay all wages due at termination.</u> Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination.

5.35    Defendant had actual or constructive knowledge of the facts set forth above.

5.36    <u>Failure to maintain accurate payroll records.</u> Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

5.37    Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week.

5.38    Defendant had actual or constructive knowledge of the facts set forth above.

## VII. FIRST CLAIM FOR RELIEF

### (Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)

6.1    Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2    RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

6.3    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

6.4    Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

6.5    WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

6.6    Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

6.7    Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

6.8    Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

6.9    By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

6.10    As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

## VIII. SECOND CLAIM FOR RELIEF

### (Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)

7.1     Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2     RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

7.3     RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

7.4     Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

7.5     WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

7.6     Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.

7.7     Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.

7.8     Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave, Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

7.9    By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.

7.10    As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## IX. THIRD CLAIM FOR RELIEF

### (Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)

8.1    Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2    RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

8.3    By the actions alleged above, Defendant has violated the provision of RCW 49.46.130.

8.4    As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

## X. FOURTH CLAIM FOR RELIEF

### (Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)

9.1    Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2    Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

9.3    By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

9.4    As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XI. FIFTH CLAIM FOR RELIEF

### (Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)

10.1    Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2    The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

10.3    Pursuant to RCW 49.46.200, Defendant must compensate Plaintiff and the Class members at their regular and normal wages.

10.4    By the actions alleged above, Defendant has violated the provisions of RCW 49.46.210 and WAC 296-128-620.

10.5    As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XII. SIXTH CLAIM FOR RELIEF

## (Violations of RCW 49.52.060 and WAC 296-126-028 – Unlawful Deductions and Rebates)

11.1    Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make deductions from an employee's wages except in limited circumstances.

11.2    Under Washington law, deductions and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); see also RCW 49.52.060; WAC 296-128-010(9).

11.3    RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

11.4    By the actions alleged above, Defendant has violated the provisions of RCW 49.52.060 and WAC 296-126-028.

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

11.5    As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.52.070.

## XIII. SEVENTH CLAIM FOR RELIEF

### (Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)

12.1    Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2    RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

12.3    By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

12.4    As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) who are no longer employed by Defendants have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members who are no longer employed by Defendants are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

FIRST AMENDED CLASS ACTION
COMPLAINT FOR UNPAID WAGES – 22
CASE NO.: 2:25-CV-00436-MKD

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

## XIV. EIGHT CLAIM FOR RELIEF

### (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

13.1    Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2    RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

13.3    Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

13.4    RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

13.5    As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## XV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendant, as follows:

A.    Certify the proposed Class;

B.    Appoint Plaintiff as Class representative;

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com

C.    Appoint the undersigned attorneys as Class counsel;

D.    Declare that the actions complained of herein violate Washington law;

E.    Award Plaintiff and the Class members compensatory and exemplary damages;

F.    Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G.    Award pre-judgment and post-judgment interest to Plaintiff, and the Class members, as provided by law;

H.    Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 12th day of December, 2025.

DATED: December 12, 2025          **JUSTICE LAW CORPORATION**


By:  */s/ April Rhéaume*            .
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
April Rhéaume, WSBA #57119
Email: arheaume@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259
*Attorneys for Plaintiff*

1

## CERTIFICATE OF SERVICE

2

3
I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

4
On December 12, 2025, I transmitted a true copy of:

5

6
**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

7
in the above-entitled matter to:

8
Adam T. Pankratz, WSBA # 50951                    **[X] By ECF**
adam.pankratz@ogletreedeakins.com                 **[X] By Electronic Mail**

9
Ashley Paynter, WSBA # 58857                      **[X] By U.S. Mail**
ashley.paynter@ogletreedeakins.com

10
Lauren S. Titchbourne, WSBA #54565
lauren.titchbourne@ogletreedeakins.com

11
**Legal Staff:**

12
Kristen Kulgren
Kristen.Kulgren@ogletreedeakins.com

13
Janet M. Petersen
Janet.Petersen@ogletreedeakins.com

14
Jordan E. Sheets
jordan.sheets@ogletreedeakins.com

15
**OGLETREE DEAKINS**
1201 Third Avenue, Suite 5150

16
Seattle, WA 98101

17

18
*Attorney(s)* for Defendant Walmart, Inc.

19

20
        Executed on December 12, 2025, at Pasadena, California.

21
                                    /s/ *Sophia Hanneyan*
                                    Sophia Hanneyan

22

23

24

FIRST AMENDED CLASS
ACTION COMPLAINT FOR
UNPAID WAGES - 1