Adam T. Pankratz, WSBA #50951
E. Ashley Paynter, WSBA #58857
Lauren S. Titchbourne, WSBA #54565
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Telephone: (206) 693-7057
Facsimile: (206) 693-7058
Email: adam.pankratz@ogletree.com
ashley.paynter@ogletree.com
lauren.titchbourne@ogletree.com

*Attorneys for Defendant Walmart, Inc.*

HONORABLE MARY K. DIMKE

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON - SPOKANE DIVISION

| | |
|---|---|
| TARRY JACKLICK, individually and on Behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:25-cv-00436-MKD<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS**<br><br>**FEBRUARY 11, 2025**<br><br>**WITHOUT ORAL ARGUMENT** |

## I.    INTRODUCTION

In response to Defendant, Walmart, Inc.'s Motion for Judgment on the Pleadings, Plaintiff Tarry Jacklick ("Plaintiff") filed his First Amended Class Action Complaint for Unpaid Wages ("FAC"). Dkt. No. 14. But the FAC fares no better than

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT
WITH PREJUDICE OR IN THE ALTERNATIVE
TO STRIKE CLASS ALLEGATIONS - 1
Case No.: 2:25-cv-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

the original complaint. Just as his first complaint did, the FAC reiterates general wage and hour statutory and regulatory requirements and relies on conclusory statements that do not meet the legal standard for stating a claim. As discussed below, none of Plaintiff's claims can clear the low bar set by Rules 8 and 12. Therefore, the Court should dismiss Plaintiff's FAC with prejudice, as he has failed to meet federal pleading standards despite having multiple opportunities to do so.

Moreover, his allegations demonstrate that the putative class he pled cannot be certified as a matter of law. Accordingly, even if the Court does not dismiss the Complaint with prejudice, Walmart respectfully requests it strike Plaintiff's class allegations.

## II.     ALLEGATIONS

Plaintiff claims that Walmart "has engaged in wage and hour abuses against its Washington hourly-paid and non-exempt employees." ECF No. 14 at ¶ 5.1. Plaintiff's FAC states that he worked for Walmart as a "nighttime stocker" in Spokane Valley for less than one month. *Id.* at ¶ 5.2. The FAC identifies eight causes of action under Washington's wage and hour laws: (1) failure to provide rest breaks, (2) failure to provide meal breaks, (3) failure to pay overtime wages, (4) payment of wages less than entitled, (5) failure to accrue and allow use of paid sick leave, (6) unlawful deductions and rebates, (7) failure to pay all wages due at termination, and (8) willful refusal to pay

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 2
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1  wages. *Id.* at 16 – 23.

2      **Meal Break Allegations.** Plaintiff alleges that he worked shifts from 10:00 p.m.

3

4  until 7:00 a.m. and that he received a one-hour meal break during his shifts. *Id.* at ¶ 5.3.

5  Plaintiff alleges that "his meal breaks were interrupted… when he stayed on site." *Id.* at

6

7  ¶ 5.13. The FAC does not state how many shifts or hours Plaintiff typically worked in a

8  given pay period or how frequently his hour-long meal period was interrupted. *See*

9  *generally* ECF No. 14.

10      **Rest Period Allegations.** Plaintiff admits that he also received rest breaks

11

12  during his employment with Walmart. *Id.* at ¶ 5.6. However, Plaintiff alleges that he was

13  "constantly interrupted during his rest breaks by supervisors and other employees…"

14

15  until he began "going to his car for rest breaks." *Id.* The FAC does not state when or how

16  often (unless "constantly" can be construed as "always") Plaintiff's rest breaks were

17  interrupted, nor does it state when he began going to his car to take his breaks. *See*

18

19  *generally id.* Plaintiff further alleges that instructions by his supervisors that allowed

20  him to take rest breaks at his convenience meant that "occasionally" Plaintiff took his

21  rest breaks after working three consecutive hours. *Id.* at ¶ 5.7. The FAC does not state

22

23  when precisely or how frequently Plaintiff allegedly took late rest breaks. *See generally*

24  *id.* Plaintiff also alleges that he did "not always receive rest breaks when work was

25  particularly busy…" *Id.* at ¶ 5.8. The FAC does not state how often or when Plaintiff did

26

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 3
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

not receive his rest breaks. *See generally id.*

**Off-the-Clock Allegations.** The FAC states that he was instructed to complete off-the-clock work including, "rounding up carts and picking up boxes when coming in and out of the store," and "other cleaning and organizing." *Id.* at ¶¶ 5.15-5.17. The FAC does not allege how frequently or when the alleged unpaid labor occurred. *See generally* ECF No. 14.

**Unpaid Overtime Allegations.** The Complaint states that Plaintiff was "deprived of overtime wages" when his alleged off-the-clock work and alleged missed meal periods would have resulted in him working more than forty hours in a week. *Id.* at ¶¶ 5.21-5.22. The FAC does not allege any specific pay periods or workweeks in which Plaintiff should have been paid overtime, but did not receive such compensation. *See generally id.*

**Unlawful Deductions and Rebate Allegations.** Plaintiff alleges that he "was required to use his personal cell phone to clock in and out using the app WorkDay," and that he was not compensated for the use of his personal cell phone. *Id.* at ¶ 5.25. Similarly, the FAC states that Plaintiff was "required" to wear "steel-toed shoes" but was not reimbursed for this expense. *Id.* at ¶ 5.26.

**Paid Sick Leave Allegations.** Plaintiff alleges that "[f]or every occasion that Plaintiff had to perform work off the clock, his time was not recorded…" which resulted

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 4
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

in an inaccurate accrual of paid sick leave. *Id.* at ¶ 5.29. The FAC does not allege that Plaintiff attempted to access paid sick leave at any point during his employment nor does it state facts indicating he would have been eligible to use paid sick leave at any point during his employment. *See generally id.*

**Failure to Pay Wages Due at Termination Allegations.** The FAC generically concludes that Walmart "engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination." *Id.* at ¶ 5.32. Plaintiff alleges no additional specific facts. *See generally id.*

**Inaccurate Recordkeeping Allegations.** The FAC alleges that failure to record off-the-clock work and "non-conforming meal or rest break[s]" resulted in a failure to keep accurate records. *Id.* at ¶¶ 5.34-5.37.

**Class Allegations.** The FAC alleges no specific facts on a class wide basis, and, instead, simply recites the elements of each underlying law in sweeping conclusory statements. *Id.* at ¶¶ 5.1-5.38, pp. 11-16. Plaintiff alleges no specific class wide policies, locations, time periods, or frequencies. *See generally id.*

## III.    ARGUMENT AND AUTHORITY

### A.    The FAC Cannot Survive a Motion to Dismiss.

Rule 12(b)(6) mandates dismissal when a plaintiff lacks a "cognizable legal theory" or fails to present sufficient facts to support a cognizable legal theory. *Kwan v.*

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 5
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (citation omitted). Conversely, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotes omitted). Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

      *Landers v. Quality Communications Inc.*, 771 F.3d 638 (9th Cir. 2014) establishes the facts required to meet the plausibility standard for wage and hour claims in the Ninth Circuit. *See, e.g. Arnold v. Marriott Int'l*, No. 3:24-CV-00221-RAJ, 2025 WL 1919260, at *5–6 (W.D. Wash. July 11, 2025) (granting employer defendant's motion to dismiss wage and hour claims). In *Landers*, the Ninth Circuit held the plaintiff failed to plausibly allege minimum wage and overtime claims under the Fair Labor Standards Act because he presented nothing more than "generalized allegations" of violations. *Landers*, 771 F.3d at 645–46. Instead, the Ninth Circuit concluded that to survive a motion to dismiss the plaintiff must plausibly allege "that she worked more than forty hours in a given workweek without being compensated for the overtime hours

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 6
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

worked during that workweek," which means that he "should be able to allege facts demonstrating there was at least one workweek in which [he] worked in excess of forty hours and [was] not paid overtime wages." *Id*. Courts apply *Landers* to both state and federal statutes. *Arnold*, 3:24-CV-00221-RAJ, 2025 WL 1919260 at *6 (citations omitted). *See also Rittmann v. Amazon.com, Inc*., C16-1554-JCC, 2017 WL 881384, at *2 (W.D. Wash. Mar. 6, 2017) (dismissing Washington wage and hour claims); *Bailey v. Alpha Techs. Inc.*, C16-0727-JCC, 2016 WL 4211527, at *5 (W.D. Wash. Aug. 10, 2016) (same).

1.    <u>Plaintiff's Meal and Rest Break Claims are Inadequately Pled.</u>

Plaintiff's first and second claims should be dismissed because they are not supported by any factual allegations. *See* ECF No. 14 at 16 - 19. Although the FAC alleges that Plaintiff was interrupted during some of his meal and rest breaks when he remained on site during these breaks, it pleads no facts indicating a specific instance in which a particular meal or rest break was interrupted. *See id.* at 7-9. Plaintiff does not state facts indicating that the interruptions occurring during his one-hour meal break resulted in him receiving less than 30 minutes of relief from his duties. *See id.* Plaintiff does not allege that he missed any meal breaks. *See id.* Plaintiff does not allege that he received late meal breaks. *See id.* Likewise, the FAC does not identify any specific instances when Plaintiff was too busy to take a rest break or was required to take his rest

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 7
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

break after working for three hours in any given shift. *See id.* Plaintiff fails to substantiate his legal conclusions with any specific allegations detailing instances where he did not receive a compliant meal or rest break. *See generally id*. As a result, Plaintiff has not adequately pled his meal and rest break claims. *See Twombly*, 550 U.S. at 555; *Boyak v. Regis Corp,* 812 F. App'x 428, 431 (9th Cir. 2020) (dismissing rest break claims pled without any specific dates); *Arnold*, 2025 WL 1919260, at *5–6 (dismissing meal and rest break claims relying on vague temporal allegations including "at times" and "frequently"); *Garza v. Winco Holdings, Inc.* 2023 WL 7736491, *4 (E.D. Cal. Nov. 15, 2023) (dismissing plaintiff's meal and rest break claim because plaintiff did not "allege a single specific rest break where he worked through the break and was not paid for that time, nor d[id] he allege a specific instance where Defendant failed to provide him a rest break").

      2.     <u>Plaintiff's Overtime Claim is Inadequately Pled.</u>

A plaintiff alleging that an employer failed to pay overtime must do more than merely recite the basic legal elements. *See Twombly*, 550 U.S. at 555; *Arnold*, 2025 WL 1919260, at *6. Instead, the Plaintiff's allegations must include "sufficient detail about the length and frequency of her unpaid work to support a reasonable inference that she worked more than forty hours in a given week." *See Landers,* 771 F.3d at 646 (internal quotes omitted). *Landers* establishes that "at a minimum," a plaintiff bringing an

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 8
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

overtime claim "must allege" that "there was at least one workweek in which [she] worked in excess of forty hours and w[as] not paid overtime wages." *Landers*, 771 F.3d at 645-4; *Metcalf*, 2021 WL 3882959, at *7 (citations omitted). *See also Bailey,* 2016 WL 4211527, at *5 (*Landers* pleading standard applies with equal force to minimum wage and overtime claims brought under Washington state law); *Arnold*, 2025 WL 1919260, at *6 (dismissing sick leave claims under *Landers*).

Plaintiff has not alleged that any particular week in which he worked over forty hours and was denied overtime compensation. That alone renders his overtime claim facially implausible and requires dismissal. *See Rittmann*, 2017 WL 881384, at *2 (allegations of regarding a failure to pay overtime are "insufficient under *Landers*" because they "do not show there was a particular workweek in which any Plaintiff did not receive minimum wage or overtime compensation to which she was entitled"); *Arnold*, 2025 WL 1919260 at *6; *Castillo v. United Rentals, Inc.,* C17-1573JLR, 2018 WL 1382597, at *5 (W.D. Wash. Mar. 19, 2018) (dismissing overtime and minimum wage claims based on allegation that plaintiff and putative class members "regularly" worked over 50 hours a week).

3. Plaintiff's Off-the-Clock Claim Is Inadequately Pled.

Plaintiff alleges he was instructed to "round[] up carts and pick[] up boxes when coming in and out of the store," and engage in "other cleaning and organizing" while he

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 9
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

was not clocked in to work. ECF No. 14 at 9. Plaintiff does not allege any given workweek in which the alleged unpaid labor occurred, let alone facts to support the notion that the alleged off-the-clock time forced his rate of pay below Washington's minimum wage. *See generally id.* Just this month, the Western District of Washington confirmed that it "…consistently requires wage and hour claims to be supported by facts that demonstrate that each named Plaintiff did not receive minimum wage or overtime compensation in a particular workweek, or with a certain frequency. *Valdovinos v. Delta Air Lines Inc.*, C25-2026-SKV, 2025 WL 3623739, at *4 (W.D. Wash. Dec. 15, 2025) (Dismissing allegations when plaintiff did "not identify any particular week or period in which the alleged violations occurred nor the frequency... and "merely state[d] violations occurred occasionally, sometimes, or at times"). Accordingly, without more, the FAC "raises only the possibility of liability, not plausible under-compensation claims for work performed in specific shifts or weeks," and it should be dismissed. *See id.* at *5.

    4. <u>Plaintiff's Sick Leave Claim Fails as a Matter of Law.</u>

    Plaintiff does not allege any instance in which he was unlawfully denied the ability to use sick leave, which is unsurprising because RCW 49.46.210(d) authorizes employees to use accrued paid sick leave "beginning on the ninetieth calendar day after the commencement of his or her employment." According to his own allegations, Plaintiff worked for Walmart for less than one month. ECF No. 14 at ¶ 5.2, p. 7. Plaintiff

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 10
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

was never entitled to use any paid sick leave during his employment and, therefore, could not have sustained any injury under Washington's Paid Sick Leave Act. For that reason alone, his sick leave claim should be dismissed.

Nor did Plaintiff have any right to collect wages in connection with his accrued sick leave. RCW 49.46.210 provides "[e]xcept as provided in (l) of this subsection,[1] an employer is not required to provide financial or other reimbursement for accrued and unused paid sick leave to an employee upon the employee's termination, resignation, retirement, or other separation from employment." RCW 49.46.210(k). Further, RCW 49.48.010 does not define "wages" to include the cash value of contingent benefits such as the right to sick leave. *Teamsters, Local 117 v. Nw. Beverages, Inc.*, 95 Wn. App. 767, 769 (1999). "A legislative purpose to convert contingent benefits into wages due is simply not found either in RCW 49.48.010 or in the Minimum Wage Act, RCW 49.46., a related statute." *Id.* In other words, unless the employer has a policy that specifically allows it, employees are not eligible to receive a cash payout for their accrued, unused paid sick leave upon termination of employment. *See* WAC 296-128-690(2).

---

[1] Subsection (l) applies to construction industry employers. Plaintiff has not pled, nor could he, that Walmart is such an employer.

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 11
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1
2
3
4

Consequently, to the extent the Complaint is attempting to allege that former employees are owed compensation for their accrued sick leave at the conclusion of their employment, it fails.

5
6

5.  Failure to Reimburse Business Expenses is Not an Independent Claim Under Washington Law.

7
8
9
10
11
12
13
14
15
16

The FAC alleges that Walmart engaged in a "common course of making deductions and collecting rebates from the wages of the Plaintiff and the Class members," ¶ 5.24 by allegedly requiring Plaintiff to use his personal cell phone to clock in on the WorkDay application and to purchase and wear steel toed footware on shift, without providing him reimbursement for these out-of-pocket expenses, ¶¶ 5.25-5.26, p. 10. Plaintiff pleads that these facts amount to a violation of RCW 49.52.050-Washington's Wage Rebate Act. Plaintiff misapprehends Washington law.[2]

17
18
19
20

Washington's Wage Rebate Act "was enacted by the legislature to prevent abuses by employers in a labor-management setting, e.g., coercing rebates from

21
22
23
24
25
26

---

[2] Plaintiff actually alleges the unreimbursed expenses violate 49.52.060, which provides the circumstances under which a deduction from an employee's wages is authorized. Walmart assumes Plaintiff intended to claim it violated the previous section, RCW 49.52.050, which makes rebates and deductions unlawful.

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 12
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

employees in order to circumvent collective bargaining agreements." *LaCoursiere v. Camwest Development, Inc.*, 181 Wash.2d 734, 751 (2014). Its plain language prohibits an employer from "collect[ing] or receiv[ing] from any employee a rebate of any part of wages theretofore paid by such employer," or to "willfully and with intent to deprive the employee of any part of his or her wages, . . . pay any employee a lower wage than such employer is obligated to pay such employee by any statute, ordinance, or contract." RCW 49.52.50.

Failure to reimburse an employee for business expenses is neither a rebate nor a deduction under the statute. As the Washington Supreme Court has explained, "wages are rebated only when they are returned to an entity that controlled and originated payment." *LaCoursiere*, 181 Wash.2d at 745. In other words, "to state a claim under RCW 49.52.50, an employee must show that the party unlawfully receiving or collecting the rebated wages was both an agent [of the employer] and had control over the payment of wages." *Id.* at 744-45. Plaintiff has not alleged that Walmart collected any wages back from Plaintiff. Nor has Plaintiff alleged that Walmart paid him a wage lower than it was required to. "[A] wage withholding claim does not lie where no wages were *ever* withheld." *Taber v. Cascade Designs, Inc.*, 706 F. Supp. 3d 1144, 1155 (W.D. Wash. 2023) (emphasis in original). Even the Washington Department of Labor and Industries recognizes that "[s]tate law does not typically require" payment for "per diem or other

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 13
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

expense reimbursement" absent an agreement between the employer and the employee because "reimbursements for fuel, parking fees, tolls, or other purchases made by the employee for the business are benefits given by the business at its own discretion." *See* "Getting Paid," available at https://www.lni.wa.gov/workers-rights/wages/getting-paid/ (last accessed Dec. 19, 2025). For this reason alone, Plaintiff's claim should be dismissed.

Even if failure to reimburse out-of-pocket expenses was actionable under the Wage Rebate Act, Plaintiff has not alleged sufficient details to sustain such a claim. He did not allege the frequency of his use of his cell phone for work purposes, or whether additional methods for clocking in were available, nor does he allege when he purchased the steel toe shoes or how much they cost. This lack of factual support for his claim renders it facially implausible. *See Valdovinos*, 2025 WL 3623739, at *5 (holding that expense reimbursement claim is inadequately pled when it does not include details about the amount, frequency, or mandatory nature of business expenses); *Arnold*, 2025 WL 1919260, at *6 (holding insufficient a complaint that did not identify any specific instance, period or frequency where Plaintiff was not reimbursed for cell phone expenses).

6. <u>Plaintiff's Derivative Claims Should be Dismissed.</u>

Plaintiff's claims for violations of RCW 49.48.030, and 49.52.050 wholly derive

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE OR IN THE ALTERNATIVE TO STRIKE CLASS ALLEGATIONS - 14
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

from the claims discussed above. Specifically, he pleads that liability under those statutes arises from "the actions alleged above" – presumably from the insufficiently pled minimum wage, overtime, paid sick leave, and meal and rest break claims as no factual allegations are set forth under these claims for relief. *See* ECF No. 14 at ¶¶ 12.3, 13.5.

Accordingly, because Plaintiff's conclusory recitals of Washington wage and hour laws pertaining to meal and rest breaks, overtime, paid sick leave, and minimum wage fail, all derivative penalty claims should also be dismissed. *See Rittmann,* 2017 WL 881384, at *2 (… "[B]ecause Plaintiffs' willful withholding claim is based on the minimum wage and overtime claims, it too fails"); *Bailey*, 2016 WL 4211527, at *5 (dismissing willful withholding claims under *Landers*).

7. <u>The Court Should Dismiss the FAC with Prejudice.</u>

When determining whether to grant leave to amend, courts weigh certain factors: "undue delay, bad faith or dilatory motive on the part of [the party who wishes to amend a pleading], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although prejudice to the opposing party "carries the greatest weight[,] . . . a strong showing of any of the remaining *Foman* factors" can justify the denial of leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Furthermore,

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 15
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

analysis of these factors can overlap. For instance, a plaintiff's repeated failure to cure a complaint's deficiencies constitutes "a strong indication that the plaintiff[] has no additional facts to plead" and that any attempt to amend would be futile. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). Indeed, the Court's "discretion to deny leave to amend is particularly broad where the plaintiff has previously amended the complaint." *San Francisco Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 582 (9th Cir. 2019).

In this case, Plaintiff is represented by counsel, had the benefit of reviewing Walmart's Motion for Judgment on the Pleadings, which outlined his pleading deficiencies, and has still failed to meet the federal pleading standard. *See* ECF No. 8. Accordingly, the Court can fairly assume that Plaintiff has alleged all facts at his disposal and that future amendments would be futile. If the Court allows Plaintiff a *third* opportunity to plead his claims, it should not permit him to replead claims for paid sick leave or unreimbursed business expenses because he lacks a legal basis for either claim as discussed above, and amendment would be futile.

**B.     Alternatively, the Class Allegations in the FAC Should Be Stricken.**

"The Federal Rules provide a mechanism for excising defective class allegations before discovery." *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). Rule 12(f) permits this Court to "strike impertinent matters from the pleadings to avoid

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 16
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Id.* (internal citations omitted). Although Plaintiff will likely argue that discovery is necessary for him to show that he can meet the requirements of Rule 23(a) and 23(b)(3), the Supreme Court has noted that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed in the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Here, they are not. Accordingly, in the event the Court does not dismiss the FAC, it should instead strike the class allegations.

Class actions are nothing more than a form of joinder—an "exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Id.* at 155. Class relief is appropriate when, among the other requirements of Rule 23, the "issues involved are common to the class as a whole and when they turn on questions of law applicable in the same manner to each member of the class." *Id.* (citations and quotations omitted). Here, Plaintiff's allegations make clear that this case does not present such a scenario. Rule 23 will not permit certification of the putative class as defined.

Plaintiff's individual factual allegations turn entirely on his interactions with supervisors and co-workers. Dkt. No. 14, ¶¶ 5.6, 5.7, 5.13, 5.17. He has not alleged the

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 17
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

existence of any class wide policy that would result in missed meal or rest breaks or off-the-clock work, the liability for which could be resolved in a single stroke, as Rule 23 requires. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (for the commonality prong of Rule 23 to be met, the "common contention . . . must be of such a nature that it is capable of class wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke"). As the Supreme Court explained, the crux of many class actions, including this one, is commonality. *Id.* at 349-50. Commonality means that the plaintiff must demonstrate the class has suffered the same injury, but it "does not mean merely that they have all suffered a violation of the same provision of law." *Id.* at 350. Instead, "[t]heir claims must depend upon a common contention—for example, the assertion of discriminatory bias on the part of the same supervisor." *Id.*

Here, although Walmart denies that a class limited to associates at Plaintiff's store could be certified, it is conceivable that Plaintiff could allege that his store treated all associates the same. But that is not what Plaintiff has alleged. Instead, he claims he can represent a class of *all* non-exempt employees, across the entire state of Washington, regardless of their position, their supervisors, or the business unit they work for, on the basis of his allegations that he was improperly denied meal and rest breaks based on his contention that *his supervisors* at *his store* interrupted his meal and rest breaks (until he

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 18
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

decided to leave the store for his breaks) and at times caused him to work off-the-clock during the three weeks that he worked at a single store in Spokane. Dkt. No. 14, ¶¶ 5.2-5.18, pp. 8-9. Yet, he does not allege that they did so pursuant to some company-wide policy.

There is not a single factual allegation in the FAC that suggests such conduct occurs across the state of Washington pursuant to some policy to which Plaintiff was subject. Plaintiff acknowledges as much in his FAC, when he repeatedly alleges that "Plaintiff and the Class members (but not all) have been deprived of compensation." Dkt. No. 14, ¶¶ 6.10, 7.10, 8.4, 9.4, 10.5, 11.5, 12.4, 13.5. This affirmative acknowledgment that not every proposed class member has been injured presents another hurdle to certification. Plaintiff has not offered any indication that he has a method for differentiating those class members who were injured from those who were not. Of course, this concession demonstrates that the overbroad class that he proposes cannot be certified—Article III courts are not empowered to award relief to the uninjured, class action or not. *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2016) (Roberts, C.J. concurring) ("Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not. The Judiciary's role is limited to providing relief to claimants, in individual or class actions, who have suffered, or will imminently suffer actual harm." (internal quotations omitted)).

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE OR IN THE
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 19
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1
2
3
4
5
6
7

The utter lack of factual allegations that suggest any commonality between Plaintiff's experience and that of *every other* Walmart non-exempt employee in the State of Washington, coupled with Plaintiff's own acknowledgment that his class includes uninjured members demonstrates that if the Court does not dismiss the Complaint, it should at least strike Plaintiff's class allegations as overbroad.

### IV.   <u>CONCLUSION</u>

8
9
10
11
12
13

Walmart respectfully requests the Court dismiss the FAC with prejudice. Plaintiff failed to sufficient facts to support his legal conclusions and, therefore, has failed to state a claim as a matter of law. Alternatively, should the Court decline to dismiss Plaintiff's FAC Walmart requests the Court strike Plaintiff's class allegations.

14
15

Respectfully submitted this 23rd day of December 2025.

16
17
18
19
20
21
22
23
24
25
26

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
By: */s/ Adam T. Pankratz*
By: */s/ E. Ashley Paynter*
By: */s/ Lauren S. Titchbourne*
Adam T. Pankratz, WSBA #50951
E. Ashley Paynter, WSBA #58857
Lauren S. Titchbourne, WSBA #54565
1201 Third Avenue, Suite 5150
Seattle, WA  98101
Telephone:  (206) 693-7057
Facsimile:  (206) 693-7058
Email: adam.pankratz@ogletree.com
ashley.paynter@ogletree.com
lauren.titchbourne@ogletree.com

*Attorneys for Defendant Walmart, Inc.*

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE OR IN THE ALTERNATIVE TO STRIKE CLASS ALLEGATIONS - 20
Case No.: 2:25-CV-00436-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1

## CERTIFICATE OF SERVICE

2

3       I hereby certify that on the 23rd day of December 2025, I served the foregoing
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED**

4  **COMPLAINT WITH PREJUDICE OR IN THE ALTERNATIVE TO**
**STRIKE CLASS ALLEGATIONS** via the method(s) below on the following

5  parties:

6       Douglas Han, WSBA #59429
       Shunt Tatavos-Gharajeh, WSBA #59424

7       April Rhéaume, WSBA #57991

8       JUSTICE LAW CORPORATION
       751 North Fair Oaks Avenue, Suite 101

9       Pasadena, CA  91103
       Telephone:  (818) 230-7502

10       Facsimile:  (818) 230-7259
       Email:  dhan@justicelawcorp.com

11              statavos@justicelawcorp.com
              arheaume@justicelawcorp.com

12       *Attorneys for Plaintiff Tarry Plaintiff*

13  ☒       by **electronic** means through the Court's Case Management/Electronic Case

14       File system, which will send automatic notification of filing to each person
       listed above.

15

16  ☐       by **mailing** a true and correct copy to the last known address of each person
       listed above.  It was contained in a sealed envelope, with postage paid,

17       addressed as stated above, and deposited with the U.S. Postal Service in

18       Seattle, Washington.

19  ☐       by **e-mailing** a true and correct copy to the last known email address of each
       person listed above.

20

21       SIGNED December 23, 2025 at Salt Lake City, Utah.

22                         OGLETREE, DEAKINS, NASH,

23                         SMOAK & STEWART, P.C.
                         By: */s/ Sunny Salmond*

24                         Sunny Salmond, Practice Assistant

25                         Sunny.salmond@ogletree.com

26

DEFENDANT'S MOTION TO DISMISS                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PLAINTIFF'S FIRST AMENDED                              1201 Third Avenue, Suite 5150 | Seattle, WA 98101
COMPLAINT WITH PREJUDICE OR IN THE                     Phone: 206-693-7057 | Fax: 206-693-7058
ALTERNATIVE TO STRIKE CLASS
ALLEGATIONS - 21
Case No.: 2:25-CV-00436-MKD