FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 30, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TARRY JACKLICK, individually and on behalf of all others similarly situated,<br><br>                             Plaintiff,<br><br>        v.<br><br>WALMART INC., a Delaware corporation,<br><br>                             Defendant. | No.  2:25-CV-00436-MKD<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>**ECF No. 17** |

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim, ECF No. 17.  April Rheaume, Douglas Han, Shunt Tatavos-Gharajeh, Dean Petitta, and Winthrop William Hubbard represent Plaintiff Tarry Jacklick.  Adam T. Pankratz, Elizabeth Ashley Paynter, and Lauren S. Titchbourne represent Defendant Walmart Inc.  The Court has reviewed the briefing and the record and is fully informed.  For the reasons below, the Court grants the motion.

ORDER - 1

**BACKGROUND**

**A. Factual History**

Plaintiff brings a class action on behalf of current and former hourly-paid or non-exempt employees of Defendant, asserting various wage and hour claims under Washington law.  ECF No. 14 at 2 ¶ 1.2.

Plaintiff's First Amended Complaint alleges that he was employed by Defendant as a nighttime stocker from August 22, 2024, to September 17, 2024, at Defendant's location in Spokane Valley.  *Id.* at 7 ¶ 5.2.  Plaintiff's base wage was $18.50 per hour, including a shift differential.  *Id.* at 7 ¶ 5.3.  Plaintiff worked night shifts, from 10:00 p.m. to 7:00 a.m. with a one-hour meal break.  *Id.* at 7 ¶ 5.3.  He clocked in and out using the WorkDay app on his personal cell phone.  *Id.* at 7 ¶ 5.4.

Plaintiff alleges that during his employment, Defendant: (1) failed to provide meal and rest breaks, (2) failed to pay minimum wage for all hours worked, (3) failed to pay overtime wages, (4) engaged in unlawful deductions and rebates, (5) failed to accrue and allow use of paid sick leave, (6) failed to pay all wages due at termination, (7) failed to maintain accurate payroll records, and (8) engaged in a common course of failing to keep accurate time records.  *Id.* at 8-11.

**B. Procedural History**

Plaintiff filed a Class Action Complaint for Unpaid Wages in Spokane

ORDER - 2

County Superior Court on August 11, 2025.  ECF No. 1-2.  Defendant removed the action to this Court on October 30, 2025.  On November 21, 2025, Defendant moved for judgement on the pleadings.  ECF No. 8.  In response, on December 12, 2025, Plaintiff amended the complaint.  ECF No. 13.  Following the filing of the Amended Complaint, the Court denied as moot Defendant's motion for judgment on the pleadings.  ECF No. 16.  On December 23, 2025, Defendant again moved to dismiss for failure to state a claim.  ECF No. 17.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007)).  In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth.  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly,* 550 U.S. at 556).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

ORDER - 3

**DISCUSSION**

Defendant asks the Court to dismiss the amended complaint with prejudice or, alternatively, to strike the class allegations.  ECF No. 17 at 2.

1. *Failure to Provide Meal and Rest Breaks (RCW 49.12.020 and WAC 296-126-092)*

Defendant asserts that Plaintiff's claims regarding meal and rest breaks should be dismissed because they are not supported by factual allegations.  ECF No. 17 at 7.

WAC 296-126-092 provides for both meal and rest breaks.  Specifically:

> Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift.  Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.
>
> . . .
>
> Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time.  Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period.

Regarding meal breaks, Plaintiff alleges that he "would generally take a one-hour meal breaks" and that "his meal breaks were interrupted by supervisory staff and other employees when he stayed on site."  ECF No. 14 at 8-9 ¶¶ 5.12-5.13.  Regarding rest breaks, Plaintiff alleges that he "was constantly interrupted during

ORDER - 4

his rest breaks by supervisors and other employees asking about work-related matters," and "started going to his car for his rest breaks." *Id.* at 7 ¶ 5.6.  He also alleges that he "was instructed by his supervisors to take rest breaks when it was convenient based on the work that needed to be done, and this occasionally meant that Plaintiff had to take breaks after three or more consecutive hours of work" and he "did not always receive rest breaks when work was particularly busy." *Id.* at 7 ¶¶ 5.7-5.8.

Defendant asserts such allegations are insufficient under *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015).  In *Landers*, the district court granted the defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6), as it "failed to state a plausible claim for unpaid minimum wages and overtime wages" under the FLSA.  *Id.* at 640.  The Ninth Circuit, considering for the first time "the degree of specificity required to state a claim for failure to pay minimum wages or overtime wages under the FLSA" post-*Twombly* and *Iqbal*, held "that in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id.* at 644.  The Ninth Circuit acknowledged that with an FLSA claim, "most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the

ORDER - 5

control of the defendants," but reasoned, "[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* at 645. "[W]ith the pleading of more specific facts, the closer the complaint moves toward plausibility." *Id.* Courts within the Ninth Circuit have interpreted *Landers* to apply to both federal and state wage and hour claims. *See, e.g.*, *Rittmann v. Amazon.com, Inc.*, No. C16-1554, 2017 WL 881384, at *2 (W.D. Wash. Mar. 6, 2017); *Bailey v. Alpha Techs. Inc.*, No. C16-0727, 2016 WL 4211527, at *5 (W.D. Wash. Aug. 10, 2016).

Here, Plaintiff does not sufficiently allege that he did not receive a meal break of at least thirty minutes or that his meal breaks occurred late. Plaintiff does not allege a specific instance in which he was interrupted during his meal or rest breaks. Plaintiff generally alleges that he "occasionally . . . had to take breaks after three or more consecutive hours of work" but does not allege a specific instance in which this occurred. *See Boyack v. Regis Corp.*, 812 F. App'x 428, 431 (9th Cir. 2020) ("Appellants' rest break violation claim also falls short of the requirements of *Landers*. Appellants failed to allege a single workweek in which Appellees impeded or discouraged [Apellants] from taking rest breaks."); *Arnold v. Marriott Int'l*, No. 3:24-CV-00221, 2025 WL 1919260, at *5-6 (W.D. Wash. July 11, 2025)

ORDER - 6

("Here, the Amended Complaint does not satisfy the *Landers* requirement because it does not plausibly allege that Plaintiff experienced the alleged violations. Specifically, the Amended Complaint does not identify any specific instance, period or frequency where Plaintiff missed meal breaks[ or] rest breaks . . . . It merely alleges that some of these violations occurred 'at times.'"); *Garza v. Winco Holdings, Inc.*, No. 1:20-CV-01354, 2023 WL 7736491, at *4 (E.D. Cal. Nov. 15, 2023) ("Plaintiff does not allege a single specific rest break where he worked through the break and was not paid for that time, nor does he allege a specific instance where Defendant failed to provide him a rest break."). Given that Plaintiff was employed for only 26 days, the Court finds that these allegations are insufficient to meet the necessary pleading standard.

Plaintiff asserts that he has "pled sufficient facts to plausibly state claims for meal and rest break violations" based on *Johnson v. Q.E.D. Env't Sys. Inc.*, No. 16-CV-01454, 2016 WL 4658963, at *4 (N.D. Cal. Sept. 7, 2016) and *Castillo v. United Rentals, Inc.*, No. C17-1573, 2018 WL 1382597, at *7 (W.D. Wash. Mar. 19, 2018).

In *Johnson*, the court considered whether a plaintiff had adequately pleaded a violation of California Labor Code section 512, which provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30

ORDER - 7

minutes." 2016 WL 4658963, at *2. The court found the plaintiff had plausibly alleged a meal break claim based, in part, on the fact that the plaintiff alleged he and other employees "took breaks of approximately only 20 or 25 minutes to quickly finish rush projects at least once every two weeks." *Id.* at *4. In contrast, Plaintiff in this case merely alleges that he "would generally take a one-hour meal breaks" and that "his meal breaks were interrupted by supervisory staff and other employees when he stayed on site," ECF No. 14 at 8-9 ¶¶ 5.12-5.1, which is far from the specific allegations in *Johnson* that included both the length of breaks and the frequency of interruptions.

In *Castillo*, the court found that that the plaintiff sufficiently alleged factual allegations of violations of Washington's meal break laws, as the plaintiff alleged defendant employer "would deduct 30 minutes per workday for meal periods or alter the records to reflect a meal break," but "employees are compelled to work through their breaks due to the demanding pace of the work and the pressure from [defendant] to complete assignments." 2018 WL 1382597, at *7. The plaintiff also alleged that the defendant "ha[d] a policy that Equipment Associates could not leave the store during breaks and instead, must remain on call to assist customers" and that "[a]s a result, any breaks employees take are often interrupted by customers or supervisors." *Id.* While the claims in *Castillo* are similar to those in this matter, those claims were alleged with more specificity than the claims here.

ORDER - 8

For example, in *Castillo*, the plaintiff alleged the defendant would deduct a specific amount of time for meal breaks or alter records and had a policy that prevented Equipment Associates from leaving the store during breaks, whereas Plaintiff does not allege any deductions, alterations of records, or store policies that prevented him from leaving the store. Rather, Plaintiff alleges that "started going to his car for his rest breaks." ECF No. 14 at 7 ¶ 5.6.

Post-*Landers*, district courts with the Ninth Circuit have differed on whether they read *Landers* to require the plaintiff to "plead at least one specific instance where he or she personally experienced a missed meal or rest period" or simply require the plaintiff to "provide[] sufficient detail to support a reasonable inference that an employee missed a meal break." *Castillo*, 2018 WL 1382597, at *6 (citations omitted). As detailed above, Plaintiff has not alleged a specific instance in which he personally experienced a missed meal or rest break. Nor has Plaintiff provided sufficient detail to support a reasonable inference that he missed a meal or rest break. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001)

ORDER - 9

(citation omitted).  The Court declines to make the "unwarranted deduction[]" that Plaintiff did not receive a meal or rest break in compliance with WAC 296-126-092.

In sum, even taking Plaintiff's allegations as true, Plaintiff does not allege prima facie claims of failing to provide meal and rest breaks.   Thus, the Court dismisses these claims.

2. *Failure to Pay Overtime Wages (RCW 49.46.130)*

Defendant asserts Plaintiff's overtime claim is inadequately pleaded.  ECF No. 17 at 7.

Under RCW 49.46.130(1), "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

Plaintiff alleges that "Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours" and that "Plaintiff was deprived of overtime wages when he was forced to work off the clock during workweeks in which he worked more than forty hours per week." ECF No. 14 at 9 ¶¶ 5.21-5.22.

ORDER - 10

Even taking Plaintiff's allegations as true, Plaintiff's "allegations fail[] to provide 'sufficient detail about the length and frequency of his unpaid work to support a reasonable inference that he worked more than forty hours in a given week.'" *Landers*, 771 F.3d at 646 (alterations omitted); *see also Bailey v. Alpha Techs. Inc.*, No. C16-0727, 2016 WL 4211527, at *5 (W.D. Wash. Aug. 10, 2016) ("Although she goes beyond merely paraphrasing the legal standard, . . . she has not provided sufficient detail about the length and frequency of her unpaid work to support a reasonable inference that she worked more than forty hours in a given week." (internal quotation marks and alterations omitted)).

Thus, the Court dismisses the claim of failing to provide overtime wages.

3. *Payment of Wages Less Than Entitled (RCW 49.46.090)*

Defendant asserts that Plaintiff's off-the-clock claim is inadequately pleaded.  ECF No. 17 at 9.

Under RCW 49.46.090(1):

> Any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee under this chapter, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court. Any agreement between such employee and the employer allowing the employee to receive less than what is due under this chapter shall be no defense to such action.

ORDER - 11

Here, Plaintiff alleges that he "was required to perform work while off the clock, including rounding up carts and picking up boxes when coming in and out of the store" and that he "was instructed by his supervisor to perform these tasks while off the clock, including other cleaning and organizing." ECF No. 14 at 9 ¶¶ 5.16-5.17.

Plaintiff's allegation that he was required to perform certain tasks "when coming in and out of the store," does not provide with any specificity as to how often he performed these tasks or how long he took to perform these tasks. *See Valdovinos v. Delta Air Lines Inc.*, No. C25-2026, 2025 WL 3623739, at \*5 (W.D. Wash. Dec. 15, 2025) ("With respect to Plaintiff's overtime claims, her allegations lack sufficient specificity. While she states that she "typically" worked ten and one-half hour-long shifts five days per week, she does not specify how much of that time constituted her regularly scheduled shift as opposed to allegedly uncompensated or undercompensated time.").

In sum, even taking Plaintiff's allegations as true, Plaintiff does not allege a prima facie claim of payment of wages less than entitled. Thus, the Court dismisses this claim.

4. *Failure to Accrue and Allow Use of Paid Sick Leave (RCW 49.46.210 and WAC 296-128-620)*

Defendant asserts that Plaintiff's sick leave claim fails as a matter of law. ECF No. 17 at 10. Specifically, Defendant asserts: (1) "Plaintiff was never entitled

ORDER - 12

to use any paid sick leave during his employment and, therefore, could not have sustained any injury under Washington's Paid Sick Leave Act"; and (2) "Plaintiff [did not] have any right to collect wages in connection with his accrued sick leave."  ECF No. 17 at 10-11.

First, under RCW 49.46.210(d), "An employee is entitled to use accrued paid sick leave beginning on the ninetieth calendar day after the commencement of his or her employment."  *See also* WAC 296-128-620.  According to Plaintiff's allegations, he was employed by Defendant from August 22, 2024, to September 17, 2024.  ECF No. 14 at 7 ¶ 5.2.  Thus, Plaintiff was not eligible to begin accruing paid sick leave during his employment unless Defendant provided a more generous paid sick leave policy than that required by Washington law.  *See* RCW 49.46.210(e) ("Employers are not prevented from providing more generous paid sick leave policies or permitting use of paid sick leave for additional purposes.").  Plaintiff now argues that he "may very well be eligible to receive sick pay from the beginning of his employment—irrespective of whether he worked a full ninety (90) days—if Defendant provides for such leave for its employees."  ECF No. 19-1 at 12.

The Amended Complaint, however, contains no such allegations.  Rather, it merely alleges that "[f]or every occasion that Plaintiff had to perform work off the clock, his time was not recorded by Defendant" and that "[b]ecause the time

ORDER - 13

worked was not recorded, Defendant's time records were inaccurate, and Defendant did not calculate the accrual of sick time to account for the time worked."  ECF No. 14 at 10 ¶¶ 5.29-5.30.  As currently framed, the Amended Complaint does not allege that Plaintiff was eligible to accrue paid sick leave during his employment and "a complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Cole v. Amazon.com Servs. LLC*, 765 F. Supp. 3d 1154, 1160 (W.D. Wash. 2025) (alteration and citation omitted).

Second, under RCW 49.46.210(k), except as otherwise provided, "an employer is not required to provide financial or other reimbursement for accrued and unused paid sick leave to any employee upon the employee's termination, resignation, retirement, or other separation from employment."  *See also Teamsters, Loc. 117 v. Nw. Beverages, Inc.*, 976 P.2d 1262, 1263 (Wash. Ct. App. 1999) ("A legislative purpose to convert contingent benefits into wages due is simply not found either in RCW 49.48.010 or in the Minimum Wage Act, RCW 49.46., a related statute.").  Plaintiff asserts that his sick leave claim is not based on a failure to provide reimbursement for accrued and unused paid sick leave, but:

> [O]n the basis that he, and his fellow class members, accrue sick leave at a rate of one (1) hour for every forty (40) hours worked, as provided by RCW 49.46.210(a). Where Defendant failed to pay Plaintiff, and his fellow class members, for every hour worked—forcing him and others to work-off-clock—it deprived them of hours accruing towards their entitlement for that one (1) hour of sick for every forty (40) hours worked.

ORDER - 14

ECF No. 19-1 at 12.  Again, however, the Amended Complaint does not allege that Plaintiff was eligible to accrue sick leave.  Even if Plaintiff was eligible to accrue sick leave, he would not be eligible for financial reimbursement for such accrued and unused paid sick leave.  *See* RCW 49.48.010.  Nor has Plaintiff alleged that Defendant denied him the "use" of accrued sick leave.

In sum, even taking Plaintiff's allegations as true, Plaintiff has not alleged a prima facie claim regarding failure to accrue and allow use of paid sick leave.  Thus, the Court dismisses this claim.

5. *Unlawful Deductions and Rebates (Violations of RCW 49.52.060[1] and WAC 296-126-028)*

---

[1] Defendant's Motion "assumes Plaintiff intended to claim it violated the previous section, RCW 49.52.050, which makes rebates and deductions unlawful."  ECF No. 17 at 12.  However, Plaintiff in his Opposition, reiterates that he is relying on RCW 49.52.060.  *See* ECF No. 19-1 at 14 ("RCW 49.52.060 may authorize certain deductions under certain circumstances, but also caveats that such deductions are only lawful so long as 'the employer **derives no financial benefit** from such deduction and the same is openly, clearly and in due course **recorded in the employer's books**.'").

ORDER - 15

Defendant asserts that failure to reimburse business expenses is not an independent claim under Washington law and asks the Court to dismiss Plaintiff's claim of unlawful deductions and rebates.  ECF No. 17 at 12-14.  Alternatively, Defendant asks the Court to dismiss the claim on the basis that "Plaintiff has not alleged sufficient details to sustain such a claim."  *Id.* at 14.

The Washington Wage Rebate Act "was enacted by the legislature to 'prevent abuses by employers in a labor-management setting, e.g., coercing rebates from employees in order to circumvent collective bargaining agreements.'" *LaCoursiere v. Camwest Dev., Inc.*, 339 P.3d 963, 966 (Wash. 2014) (quoting *Ellerman v. Centerpoint Prepress, Inc.*, 22 P.3d 795 (Wash. 2001)).  Under the Act:

> Any employer or officer, vice principal or agent of any employer, whether said employer be in private business or an elected public official, who
> (1) Shall collect or receive from any employee a rebate of any part of wages theretofore paid by such employer to such employee; or
> (2) Wilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract; or
> (3) Shall wilfully make or cause another to make any false entry in any employe's books or records purporting to show the payment of more wages to an employee than such employee received; or
> (4) Being an employer or a person charged with the duty of keeping any employer's books or records shall wilfully fail or cause another to fail to show openly and

ORDER - 16

clearly in due course in such employer's books and records any rebate of or deduction from any employee's wages; or

(5) Shall wilfully receive or accept from any employee any false receipt for wages;

Shall be guilty of a misdemeanor.

RCW 49.52.050.

These provisions:

[S]hall not make it unlawful for an employer to withhold or divert any portion of an employee's wages when required or empowered so to do by state or federal law or when a deduction has been expressly authorized in writing in advance by the employee for a lawful purpose accruing to the benefit of such employee nor shall the provisions of RCW 49.52.050 make it unlawful for an employer to withhold deductions for medical, surgical, or hospital care or service, pursuant to any rule or regulation: PROVIDED, That the employer derives no financial benefit from such deduction and the same is openly, clearly and in due course recorded in the employer's books.

RCW 49.52.060; *see also* WAC 296-126-028 (detailing reasons for which "an employer may deduct any portion of an employee's wages below the state minimum wage).

Plaintiff alleges that Defendant violated RCW 49.52.060 and WAC 296-126-028 by requiring him "to use his personal cell phone to clock in and out using the app WorkDay" and not reimbursing Plaintiff for this use of his personal cell phone and by requiring Plaintiff to buy steel-toed boots for which he was not reimbursed.  ECF No. 14 at 10 ¶¶ 5.24-5.25.  Plaintiff asserts that this is a violation of the Washington Wage Rebate Act, because "causing an employee to incur a

ORDER - 17

business expense in the course of performing their duties is in fact a diversion or withholding of that employee's wages because the employee's net unreimbursed expenses would be incurred against the employee's earnings." ECF No. 19-1 at 14.

The language of Washington Wage Rebate Act does not support such a cause of action nor has Plaintiff directed the Court to a single case recognizing a failure to reimburse claim under the Act. If anything, guidance from the Washington State Department of Labor and Industries recognizes that "reimbursements for fuel, parking fees, tolls, or other purchases made by the employee for the business are benefits given by the business at its own discretion." Wash. State Dep't of Labor & Industries, Getting Paid, https://www.lni.wa.gov/workers-rights/wages/getting-paid/.

Plaintiff, appearing to acknowledge a lack of Washington law, instead asserts that unreimbursed business expenses are a viable claim under the Fair Labor Standards Act ("FLSA") "when they reduce an employee's wage below the minimum wage and that the same should hold true for the Washington Wage Rebate Act. ECF No. 19-1 at 15 (citing *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237 (5th Cir. 2016); *Garcia v. Frog Island Seafood, Inc.*, 644 F. Supp. 2d 696 (E.D.N.C. 2009)). Plaintiff is correct that as the "MWA is based upon the FLSA, federal authority under the FLSA often provides helpful guidance." *Drinkwitz v.*

ORDER - 18

*Alliant Techsystems, Inc.*, 996 P.2d 582, 586 (Wash. 2000). However, the Washington State Supreme Court has also stated, "the MWA and FLSA are not identical and we are not bound by such authority." *Id.* (citations omitted).

Here, the Court is interpreting state law and "as a federal court ruling on state law, we feel no duty to be in the vanguard in changing the state law." *Taylor v. Louisiana Pac. Corp.*, CV-96-00098, 1998 WL 822745, at *3 (9th Cir. 1998) (quoting *Brown v. Link Belt Corp.*, 565 F.2d 1107, 1111 (9th Cir. 1977)) (quotation marks and alteration omitted); *see also Home Valu, Inc. v. Pep Boys*, 213 F.3d 960, 965 (7th Cir. 2000) ("Where, as in this case, we are faced with two equally plausible interpretations of state law, we generally choose the narrower interpretation which restricts liability, rather than the more expansive interpretation which creates substantially more liability.") (citation and quotation marks omitted)).[2]

Given the lack of foundation in Washington law for Plaintiff's claim of unlawful deductions and rebates, the Court dismisses this claim.

---

[2] Accordingly, the Court does not reach Defendant's alternative argument that "Plaintiff has not alleged sufficient details so sustain such a claim." ECF No. 17 at 12-14.

ORDER - 19

6. *Failure to Pay All Wages Due at Termination and Willful Refusal to Pay Wages (RCW 49.48.010, RCW 49.52.050)*

Defendant asserts that Plaintiff's derivative claims for violations of RCW 49.48.030 and 49.52.050 should be dismissed.[3]  ECF No. 17 at 14.

Under RCW 49.48.010, "[w]hen any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period . . . ."  Further, "[i]n any action in which any person is successful in recovering judgment for wages or salary owed to him or her,

---

[3] Plaintiff's Seventh Claim for Relief alleges "Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination."  ECF No. 14 at 22.  Plaintiff asserts that "Defendant has violated the provisions of RCW 49.48.010" and that "[a]s a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) who are no longer employed by Defendants have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members who are no longer employed by Defendants are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs."  *Id.* at 22 ¶¶ 12.3-12.4.  Defendant's motion focuses on attorney's fees under RCW 49.48.030.

ORDER - 20

reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer . . . ."  RCW 49.48.030.

RCW 49.52.050(2) provides that any employer who "[w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract . . . Shall be guilty of a misdemeanor."

As noted by Defendant, these claims derive from the claims pertaining to meal and rest breaks, overtime, paid sick leave, and minimum wage.  For the reasons detailed above, the Court has found Plaintiff has not alleged such prima facie claims.

Thus, the Court grants Defendant's motion to dismiss the derivative claims of violations of RCW 49.48.030 and 49.52.050.

7. *Class Allegation*

Defendant moves to strike Plaintiff's class allegations as there is a "lack of factual allegations that suggest any commonality between Plaintiff's experience and that of *every other* Walmart non-exempt employee in the State of Washington, coupled with Plaintiff's own acknowledgment that his class includes uninjured members."  ECF No. 17 at 20.

Under Fed. R. Civ. P. 23(a):

ORDER - 21

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

"In a putative class action, a party may preemptively move to strike class allegations before the plaintiff has requested class certification." *In re Land Rover LR3 Tire Wear Prods. Liab. Litig.*, No. 09-2008, 2012 WL 5473736, at *2 (C.D. Cal. Oct. 24, 2012) (citation omitted). "The Court may strike class allegations if 'the complaint demonstrates that a class action cannot be maintained' because the class is unascertainable, or because the plaintiff cannot satisfy the requirements of Rules 23(a) and (b) of the Federal Rules of Civil Procedure." *Id.* (citation omitted); *see also* Fed. R. Civ. P. 23(d)(1) ("In conducting an action under this rule, the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly . . . .").

"[I]n the context of a motion to *strike* class allegations, in particular where such a motion is brought in advance of the close of class discovery, it is properly the defendant who must bear the burden of proving that the class is *not* certifiable." *Bates v. Bankers Life and Cas. Co.*, 993 F. Supp. 2d 1318, 1340-41 (D. Or.

ORDER - 22

2014) (emphasis in original).  "Dismissal of a class at the pleading stage is rare because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Fernandez v. CoreLogic Credco, LLC.*, 593 F. Supp. 3d 974, 995 (S.D. Cal. 2022) (internal quotation marks and citation omitted).  But "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

Here, it is not necessary for the Court to "probe behind the pleadings before coming to rest on the certification question." *See id.*  Plaintiff's individual factual allegations turn solely on his own interactions with supervisors and co-workers in a single store location for a period of less than one month.  Plaintiff has not alleged the existence of any class-wide policy that contributed to missed meal or rest breaks or off-the-clock work.  The Supreme Court has held that under Fed. R. Civ. P. 23(a)(2), "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury.  This does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011).  Rather, the "claims must depend upon a

ORDER - 23

common contention—for example, the assertion of discriminatory bias on the part of the same supervisor.  That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350.  Plaintiff has not alleged such a common contention that is central to the validity of each one of the claims of all non-exempt employees across the state of Washington.  Rather, Plaintiff merely responds that due to "the nature of business generally" that "[i]t is asinine to assume that supervisors implementing a policy at a Walmart store did not, and do not, receive any kind of direction from *their* supervisors on how to run the stores and what policies or procedures to carry out."  ECF No. 18 at 18.  Again, "a complaint may not be amended by the briefs in opposition to a motion to dismiss," *Cole*, 765 F. Supp. 3d at 1160 (W.D. Wash. 2025) (alteration and citation omitted), and the Court declines to make the "unwarranted deduction[]" that there must have been some policy that applied across Washington.

In sum, the Court grants Defendant's motion to strike Plaintiff's class action allegations.

8. *Leave to Amend*

Under Rule 15(a)(2), a court "should freely give leave [to amend] when justice so requires."  "[T]his policy is to be applied with extreme liberality."

ORDER - 24

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citations omitted).  The Supreme Court has offered the following factors for courts to consider when deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003).  Of these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC*, 316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

Plaintiff has been represented by counsel since this matter commenced in state court on August 11, 2025.  After removal to this Court, Defendant moved for judgment on the pleadings, ECF No. 8, which raised substantially the same concerns regarding Plaintiff's original complaint that are now before the Court.  Despite this notice of pleading defects, Plaintiff failed to provide additional factual details to support his claims in the amended complaint.  The Court would expect a plaintiff who was employed for only 26 days to be able to identify a specific

ORDER - 25

instance or provide greater factual detail as to alleged violations regarding meal and rest breaks, overtime, paid sick leave, and minimum wage.  Given Plaintiff's failure to provide additional details despite his limited term of employment and prior amendment resulting from the same challenges, the Court finds that further leave to amend would be futile.  *See, e.g.*, *Finney v. Ford Motor Co.*, No. 17-CV-06183-JST, 2019 WL 79033 (N.D. Cal. Jan. 2, 2019) ("Because [the plaintiff's] amendments in response to the Court's earlier order granting judgment on the pleadings failed to correct the deficiencies in her complaint, the Court denies [the plaintiff's] request for additional leave to amend because it concludes that further leave would be futile.").  Additionally, as detailed above, the Court finds that it would impose undue prejudice on Defendant to allow Plaintiff to proceed with a class certification hearing when Plaintiff has not alleged a single question of law or fact common to the proposed class.

In conclusion, the Court denies Plaintiff further leave to amend.

Accordingly, **IT IS ORDERED**:

1.      Defendant's Motion to Dismiss, **ECF No. 17**, is **GRANTED**.

2.      The Class Certification Hearing set for **December 2, 2026**, in **Spokane**, Washington, is **STRICKEN as moot**.

ORDER - 26

**IT IS SO ORDERED.** The District Court Executive is directed to (1) enter this Order; (2) provide copies to counsel; **(3) enter a judgment of dismissal of all claims with prejudice, and (4) CLOSE the file.**

DATED April 30, 2026.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 27